UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:25-cv-60173

VPR BRANDS, LP,

        Plaintiff,

v.

CARMA HOLDCO INC, J BRANDS LLC
and MIDWEST GOODS INC.,

        Defendants.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff VPR BRANDS, LP by and through its undersigned counsel, brings this Complaint against Defendants CARMA HOLDCO INC, J BRANDS LLC and MIDWEST GOODS INC. for patent infringement, and in support, alleges as follows:

### NATURE OF THE LAWSUIT

1. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, et seq., to enjoin and obtain damages resulting from defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent Number 8,205,622 entitled "Electronic Cigarette." Plaintiff seeks injunctive relief to prevent defendant from continuing to infringe plaintiff's patent and recovery of monetary damages resulting from defendants' past infringement of the patent.

### JURISDICTION AND VENUE

2. This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over the Defendants.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b)(3) because Defendant has committed acts of infringement and has a regular and established place of business and is subject to personal jurisdiction within this judicial district and division.

## THE PLAINTIFF

5. Plaintiff, VPR Brands, LP ("VPR"), is a Delaware limited partnership authorized to do business in Florida with a principal place of business at 3001 Griffin Road, Fort Lauderdale, FL 33312.

6. VPR is a technology company whose assets include issued U.S. and Chinese patents for atomization-related products, including technology for medical marijuana oil vaporizers, dab pen and flower vaporizer products and components.

7. VPR is engaged in product development for the vapor or vaping market, including e-liquids, vaporizers and electronic cigarettes (also known as e-cigarettes) which are devices which deliver nicotine and or cannabis and cannabidiol (CBD) through atomization or vaping, and without smoke and other chemical constituents typically found in traditional products.

8. VPR is a vaping market leader specializing in vaporizers and accessories for essential oils, cannabis concentrates and extracts (CBD), as well as electronic cigarettes containing nicotine.

## DEFENDANTS

9. Defendant CARMA HOLDCO INC ("Carma") is a Delaware corporation with its principal place of business at 9505 Grenville Ave. Las Vegas, NV 89134, and can be served by serving its registered agent Corporation Service Company at 112 North Curry Street, Carson City, NV 89703.

10. Carma is a licensing holding company and owns the TYSON 2.0 brand of the Accused Products herein.

11. Defendant J BRANDS LLC ("J Brands") is a Florida limited liability company with its principal place of business at 470 Ansin Blvd, Suite A, Hallandale Beach, Florida 33009, and can be served by serving its registered agent Yehuda Gabay at the same address.

12. J Brands is a wholesale distributor of the Accused Products. J Brands offers the Accused Products for sale to retailers throughout the United States, including in this judicial district.

13. Defendant MIDWEST GOODS INC. ("Midwest Goods") is an Illinois corporation with its principal place of business at 1001 Foster Ave, Bensenville, Illinois 60106 and can be served by serving its registered agent, Sande S. Shamash at 1001 Foster Ave, Bensenville, Illinois 60106.

14. Midwest Goods is a wholesale distributor of the Accused Products. Midwest Goods offers the Accused Products for sale to retailers throughout the United States, including in this judicial district.

## FACTS

15. VPR owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number 8,205,622 (the '622 Patent) entitled "Electronic Cigarette." A copy of the '622 Patent is attached hereto as **Exhibit 1**.

16. The '622 Patent discloses an electronic cigarette consisting of an electronic inhaler and an electronic atomizer.

17. The electronic inhaler contains a rechargeable or non-rechargeable power source such as a battery, which supplies electric power to the electronic inhaler. In addition to the power source, the inhaler also includes an electric airflow sensor to detect air movement generated by a

user's inhaling or puffing act. The sensor's role is to collect an airflow signal that triggers the electronic cigarette to supply electric power to the inhaler and atomizer connected through an electric connector.

18.  Inside the electronic atomizer are an electric connector, electric heating wire, liquid container, and atomizer cap with an air-puffing hole. The user inhales through the air puffing hole at an end of the electronic cigarette to create an air inflow, which triggers the atomization process that converts a solution to a gas emulating the smoking process.

## DEFENDANTS' PRODUCTS

19.  Defendants use, import, offer for sale, distribute and sell one or more electronic cigarette products that practice all the steps of at least one claim of the '622 Patent.

20.  Defendants' electronic cigarette products include, but are not limited to, Tyson 2.0 Round 2 7500 Puff Disposable Vape ("Round 2"); Tyson 2.0 Heavyweight 7000 Puffs Disposable Vape; Tyson 2.0 Iron Mike 15,000 Hits Disposable Vape; Tyson 2.0 Lightweight 6000 Hits 3 Pack Vape (collectively "Tyson 2.0").

21.  Attached hereto as **Exhibit 2** for illustration only is a claim chart demonstrating that Round 2 infringes Claim 13 of the '622 Patent.

22.  Defendants' Tyson 2.0 is an electronic cigarette that contains a rechargeable battery that functions as a power source that supplies electric power to an electronic inhaler. In addition to the power source, the inhaler also includes an electric airflow sensor to detect air movement generated by a user's inhaling or puffing act.

23.  Tyson 2.0 also contains an electronic atomizer with an electric connector, electric heating wire, liquid container, and atomizer with an air-puffing hole.

24. The user inhales through the air puffing hole at the end of Tyson 2.0 to create an air inflow, which triggers the atomization process that converts a solution to a gas, emulating the smoking process.

25. The electronic cigarette products that Defendants use, import, offer for sale, distribute and sell, including but not limited to Tyson 2.0, infringe one or more claims of the '622 Patent, including but not limited to Claim 13.

26. Defendants also use, import, offer for sale, distribute and sell electronic cigarette products under other brand names that are substantially similar to Tyson 2.0, function in the same way as Round 2, and infringe one or more claims of the '622 Patent.

27. Plaintiff has been irreparably harmed by Defendants' infringement of VPR's valuable patent rights.

28. Defendants' unauthorized, infringing use of VPR's patented electronic cigarette has threatened the value of their intellectual property because Defendants' conduct results in VPR's loss of its lawful patent rights to exclude others from importing, making, using, selling, offering to sell and/or importing the patented inventions.

29. Defendants' disregard for VPR's property rights similarly threatens VPR's relationships with potential licensees of this intellectual property.

30. Defendants will derive a competitive advantage from using VPR's patented technology without paying compensation for such use.

31. Unless and until Defendants' continued acts of infringement are enjoined, VPR will suffer further irreparable harm for which there is no adequate remedy at law

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,205,622

32. VPR realleges paragraphs 1 through 31 of this Complaint, as fully and completely as if set forth verbatim herein.

33. Within the six years preceding the filing of this Complaint, Defendants have directly infringed at least one claim of U.S. Patent No. 8,205,622 by the activities referred to in this Complaint in violation of 35 U.S.C. § 271(a).

34. Without limiting the foregoing, Defendants have infringed at least claim 13 of the '622 Patent.

35. Defendants' activities alleged in this Count have been without license, permission, or authorization from VPR.

36. The activities of Defendants as set forth in this Count, have been to the injury, detriment, and irreparable harm to VPR.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff VPR BRANDS, LP demands judgment and relief against Defendants CARMA HOLDCO INC, J BRANDS LLC and MIDWEST GOODS LLC and respectfully requests that the Court:

   A. Enter a finding of willful infringement against Defendants under each of the patents asserted in this Complaint;

   B. Award in favor of Plaintiff and against Defendants such damages as Plaintiff may have suffered but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

   C. Award in favor of Plaintiff and against Defendants an enhancement of damages;

   D. Find that this is an exceptional case;

E.  Enter an injunction preliminarily and permanently enjoining infringement;

F.  Award Plaintiff its attorneys' fees against Defendants under 35 U.S.C. § 285;

G.  Award Plaintiff its costs against Defendants, and

H.  Award in favor of Plaintiff and against Defendants such other and further relief as to the Court appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: January 31, 2025                  Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
Joel.rothman@sriplaw.com
LAYLA T. NGUYEN
Florida Bar Number: 1024723
layla.nguyen@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.826.6924 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff VPR Brands, LP*